ENTERED
ON DOCKET

MAY 0 3 2002

BY DEPUTY



CV 01 00263 #0000137

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A JACKSON,

    Plaintiff,

v.

BRIAN GAIN, *et al* ,

    Defendants

Case No   C01-0263FBD

REPORT AND RECOMMENDATION

This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U S C §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4   Before the Court is Defendants' Motion for Summary Judgment   (Dkt # 136)   Plaintiff has not responded to the motion, despite being repeatedly informed of the Summary Judgment standard   (Dkt # 24, General Order), (Dkt # 47, Order Directing Service)

Local Rule 7(b)(2) indicates

> Obligation of Opponent   Each party opposing the motion shall, within the time prescribed in CR 7 (d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in section (1)   <u>If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit</u>

REPORT AND RECOMMENDATION
Page - 1

137

1  Local rule 7(b)(2) (emphasis added)

2  Given Plaintiffs' failure to respond, the Court considers the facts as set forth by the Defendants to
3  be uncontested  For the reasons set forth below the undersigned recommends that the Defendant's Motion
4  be **GRANTED** and this action **DISMISSED WITH PREJUDICE.**

5  FACTS

6  Plaintiff is an inmate serving a sentence with the Department of Corrections for the State of
7  Washington  On March 27th, 2001 between 8 30 and 9 00 A M  Correctional Officer Lawrence Turner
8  was performing morning inspections  (Dkt # 136 page 3)  As part of the inspection he was checking to
9  see each inmates bed was made  Washington Corrections Center rules mandate that inmates make their
10 beds by 8 00 A M  everyday except laundry day  It is a minor infraction for an inmate to be in bed under
11 the covers during programing hours unless the inmate has a medical lay-in or works as a night porter
12 (Dkt # 136 page 3)  When Officer Turner reached plaintiff's cell plaintiff was in bed with his sheet and
13 blanket pulled over his head  (Dkt # 136 page 3)

14 It is undisputed that Officer Turner entered plaintiff's cell  Plaintiff claims that Officer Turner hit
15 him in the right arm with a closed fist, and Officer Turner alleges he called plaintiff's name and plaintiff
16 woke up  It is undisputed that no injuries were suffered  (Dkt # 136 page 3)

17 Plaintiff reported the alleged assault to unit staff and the incident was investigated by Sergeant
18 Ricker  Plaintiff then filed a grievance which was investigated by Nancy Davies  No misconduct was
19 found to have occurred  (Dkt # 136 page 4)

20 On March 30th, 2001 a classification committee met regarding plaintiff  The committee met
21 because of concern over plaintiff's mental health, his refusal to take medications, his institutional history,
22 and his crime  (Dkt # 136 exhibit 7)  The committee viewed plaintiff as "a seriously mentally ill inmate
23 who is showing signs of decompensating, is not medication compliant, and who now needs to be closely
24 monitored for more advanced signs of deterioration, such as self harm "  (Dkt # 136 exhibit 7 attachment
25 A)  Mental health professions noted implacable, paranoia, with a pressured effect and angry mood  They
26 noted that plaintiff had focused on two Officers in Cedar Hall and was exhibiting bizarre behavior  (Dkt
27 # 136 exhibit 7 attachment A)

28 A decision to transfer plaintiff to a level 4 facility with a mental health unit was made and it was

REPORT AND RECOMMENDATION
Page - 2

1  decided plaintiff should be placed in Administrative segregation pending transfer. (Dkt. # 136 exhibit 7
2  attachment A).

3  On April 5th, plaintiff was called to Sergeant Ricker's office and told he was being placed on
4  Administrative Segregation status. Plaintiff attempted to run from the Office and was taken to the ground
5  by two unnamed correctional officers. (Dkt # 136 page 5).

6  Plaintiff brings this action naming Officer Turner for hitting him in the arm, Sergeant Ricker for
7  the use of force on April 5th, and he names five other persons who played a part in the decision to transfer
8  him which he depicts as retaliatory. (Dkt # 60).

9                                   DISCUSSION
10     A. The Standard

11  Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories,
12  and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any
13  material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).
14  The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial.
15  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Mere disagreement or the bald assertion that
16  a genuine issue of material fact exists no longer precludes the use of summary judgment. California
17  Architectural Building Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987),
18  *cert. denied*, 484 U.S. 1006 (1988).

19     B. Officer Turner

20  The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment.
21  A viable Eighth Amendment claim has an objective and subjective component. Farmer v. Brennan, 511 U.S.
22  825, 834 (1994). The objective component requires that the pain be                                   503
23  U.S. 1, 8-9 (1992), and the subjective component requires that the defendant act with deliberate indifference
24  to an inmate's health or safety. Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). A de minimis physical injury is
25  not sufficient to support a claim. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

26  Here, it is undisputed that plaintiff suffered no physical injury. (Dkt # 136 exhibit 6 attachment B
27  page 13). Even assuming his facts to be true he has failed to show that the contact was objectively sufficiently
28  serious to state a claim. Defendant Turner is entitled to Summary Judgment.

1  C. Sergeant Ricker

2  On April 5th plaintiff was informed he was being taken to segregation. He was in Sergeant Ricker's office at the time and he attempted to run from the office. (Dkt # 136 exhibit 6 attachment B page 19) Two Officers took him to the ground and in the process he alleges that he struck his head. The alleged injury may or may not be sufficiently serious to state a claim, but, plaintiff has failed to come forward with any evidence that the named defendant harbored an improper motive or intent. Force applied in good faith to control an unruly inmate does not violate the Eighth Amendment even the amount of force used appears excessive in hind sight. To establish a violation of the Eighth Amendment, the offending conduct must reflect an unnecessary and wanton infliction of pain. Whitley v. Albers, 475 U.S. 312, 319 (1986).

Plaintiff's complete failure to come forward with any evidence that the force was applied for an improper purpose mandates Summary Judgement for this defendant.

D. The remaining defendants.

The remaining five defendants are named because of there decision to transfer plaintiff to a level 4 facility with a mental health unit. As outlined above the stated reason for the transfer was concern over plaintiffs mental state, his refusal to take medications, his behavior, and criminal history. A decision that furthers a legitimate penological goal cannot be depicted as retaliatory. To state a claim for retaliation, a plaintiff "must allege both that the type of activity he engaged in was protected under constitution and that the state impermissibly infringed upon his right to engage in the protected activity." Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). An inmate must show that he or she was retaliated against for exercising constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. Barnett v. Centoni, 31 F.3d 813, 186 (9th Cir. 1994).

The decision to transfer plaintiff furthered legitimate goals. It is undisputed that he was medically noncompliant and that staff were concerned about his mental health. Transfer to a facility with a mental health unit thus furthered legitimate goals. The remaining defendants are entitled to Summary Judgement in their favor.

## CONCLUSION

Plaintiff has failed to come forward with evidence to support his claims against the named defendants. The first alleged use of force was de minimus and the second constitutional in light of

REPORT AND RECOMMENDATION
Page - 4

plaintiff's behavior  The decision to transfer him furthered legitimate penological goals and cannot be depicted as retaliation  Accordingly, Defendants are entitled to Summary Judgement and this action should be **DISMISSED WITH PREJUDICE.**  A proposed order accompanies this Report and Recommendation

DATED this 2 day of May, 2002

J Kelley Arnold
United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CHAMBERS OF
J KELLEY ARNOLD
UNITED STATES MAGISTRATE JUDGE

U S COURTHOUSE
1717 PACIFIC AVENUE
TACOMA, WA  98402

(253) 593-6751



May 2, 2002

Michael A Jackson # 722278
Monroe Correctional Complex
Special Offenders Center
P O Box 514
Monroe, Washington, 98272

Jennifer Treadwell Karoll and Carol Murphy
Criminal Justice Division
P O Box 40116
Olympia, Washington, 98504-0116

Re    Jackson v Gain
      Case No  C01-263FDB

Dear Sir/Counsel

    Enclosed are copies of my Report and Recommendation in the above-captioned case  The originals are being filed with the Clerk  This Report and Recommendation is not an appealable order  Any notice of appeal should not be filed until the District Judge enters judgment in this case

    Objections to the recommendation should be filed and served within **fourteen (14) days** of the date of this letter with copies to the Clerk for forwarding to the District Judge and to my office  Failure to file objections within the specified time waives the right to appeal any order by the District Court adopting this report and recommendation  In accordance with our local rules, you should note your objections for consideration on the Judge's motion calendar for the third Friday after they are filed  If no timely objections are filed, the matter will be ready for consideration by the District Judge on May 17th, 2002

Very truly yours,

J Kelley Arnold
United States Magistrate Judge

Enclosures
cc    Court File  C01-263FDB

FILED ____ LODGED
____ RECEIVED

MAY - 3 2002

CLERK US DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A JACKSON,
    Plaintiff,

v.

BRIAN GAIN, *et al*,
    Defendants.

Case No C01-0263FDB

ORDER ADOPTING REPORT
AND RECOMMENDATION

The Court, having reviewed Defendant's Motion for Summary Judgment, the Report and Recommendation of Judge J Kelley Arnold, United States Magistrate Judge, and the remaining record, does hereby find and ORDER

(1)     The Court adopts the Report and Recommendation,

(2)     Defendant's Motion for Summary Judgement is **GRANTED**. This action is **DISMISSED WITH PREJUDICE.**

(3)     The Clerk is directed to send copies of this Order to plaintiff and to Judge J Kelley Arnold

DATED this _____ day of _____, 2002

Franklin D Burgess
United States District Judge

ORDER DENYING PRELIMINARY INJUNCTION
Page - 1